UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSEPH MICHAEL ANDREWS (#488278)　　　　　　　　　CIVIL ACTION

VERSUS

WILLIE GRAVES, ET AL.　　　　　　　　　　　　　　　　　　NO. 06-0954-A-M3

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this _19th_ day of January, 2007.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSEPH MICHAEL ANDREWS (#488278)      CIVIL ACTION

VERSUS

WILLIE GRAVES, ET AL.      NO. 06-0954-A-M3

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate presently confined at Elayn Hunt Correctional Center, St. Gabriel, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Sheriff Willie Graves, Judge Jeff Hughes, prosecutor Leanne Malner, public defender Deborah Henkels, Terry Farmer, the Parish of Livingston, the Louisiana Parole Board, and District Attorney Scott Perriloux. The plaintiff alleges that his constitutional rights were violated as a result of deficiencies in his criminal trial proceedings in December, 2004, as a result of which he was convicted to serve three (3) years on a charge of unlawful entry of an inhabited dwelling. He also complains that he has not been "served [with] papers" or contacted by the Louisiana Parole Board, notwithstanding that he has allegedly served one-third of his sentence. He prays only for monetary damages as a result of the defendants' alleged wrongful conduct.

Under 28 U.S.C. § 1915(e), this Court shall dismiss an action or claim brought in forma pauperis if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis in either fact or law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A § 1915(e) dismissal may be made at any time before or after service of process and before or

after an answer is filed. Green v. McKaskle, supra. In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion thereof, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted".

The plaintiff's claims relate principally to alleged deficiencies in his criminal proceedings and to alleged misconduct by public officials in the handling thereof, including an alleged conspiracy among judicial officers participating in his case. In the Court's view, these claims are barred by the doctrine set forth in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Under Heck, a prisoner's claim for monetary damages attributable to an alleged wrongful conviction or confinement is not cognizable in federal court if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). If so, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. As stated in Heck:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, supra (emphasis in original). In the present case, a determination that the plaintiff is entitled to monetary damages as a result of alleged deficiencies in his criminal proceedings and sentence would necessarily imply that his present confinement is wrongful and that he should be released. Since the plaintiff has failed to allege that his criminal conviction has been invalidated or called into question in a separate proceeding, the plaintiff's claim for monetary damages under § 1983 resulting from this conviction falls squarely within the holding of Heck v.

Humphrey. Accordingly, his cause of action under § 1983 arising out of the alleged unconstitutional conviction and sentence has not yet accrued. Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994)("Dismissal of the § 1983 action under 28 U.S.C. § 1915(d) is appropriate, post-Heck, because the plaintiff's action has been shown to be legally frivolous"). See also Stephenson v. Reno, 28 F.3d 26 (5th Cir. 1994); Johnson v. McElveen, 101 F.3d 423 (5th Cir. 1997). It is therefore appropriate that the plaintiff's § 1983 claim relative to his alleged wrongful conviction and sentence be dismissed, with prejudice, as legally frivolous until the conditions set forth in Heck, supra, are satisfied. See Arvie v. Broussard, 42 F.3d 249 (5th Cir. 1994).

Turning to the plaintiff's claim for monetary damages relative to the alleged failure of parole board officials to contact him or to serve him with papers upon his having served one-third of his sentence of confinement, the Court concludes that this claim is legally frivolous as well. In the first place, it has been held that parole board officials who sit in determination of an inmate's entitlement to parole are immune from suit for damages in their quasi-judicial role. See Serio v. Members of Louisiana State Board of Pardons, 821 F.2d 1112 (5th Cir. 1987)(recognizing that defendant parole board members "enjoyed absolute immunity from § 1983 damages"). This immunity extends to parole officers who participate in the decision-making process. See Miles v. Everette, 88 Fed.Appx. 775 (5th Cir. 2004) ("[C]laims against the parole officers, supervisors and officials of the Parole Board are barred under the doctrine of absolute immunity."); Hunter v. Rodriguez, 73 Fed.Appx. 768 (5th Cir. 2003)(same); Littles v. Board of Pardons and Paroles Division, 68 F.3d 122 (5th Cir. 1995)(same). Thus, the plaintiff's claim for monetary damages against the defendant parole board officials must likewise be dismissed. Moreover, the plaintiff has made no suggestion that he has in fact sought consideration for parole and has been wrongly denied consideration for same. He merely asserts that he has not been contacted or "served papers" by the parole board. In the Court's view, this does not state a claim of constitutional dimension.

RECOMMENDATION

It is the recommendation of the Magistrate Judge that this action be dismissed, with prejudice, as legally frivolous pursuant to 42 U.S.C. § 1983, at least until the conditions set forth in Heck v. Humphrey, supra, are met. See, e.g., Johnson v. McElveen, 101 F.3d 423 (5th Cir. 1997) ("Under Heck, [the plaintiff] cannot state a claim so long as the validity of his conviction has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit").[1]

Baton Rouge, Louisiana, this 19th day of January, 2007.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE

---

[1] Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."